**Hector Laconico GOMEZ; MA Araceli V. Gomez; Vincent Van V. Gomez; Marie Louise Angela V. Gomez, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Nos. 01–71610, A70–640–009, A70–640–010, A70–640–011, A70–640–012.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 20, 2002.

Before SCHROEDER, Chief Judge, and TASHIMA and RAWLINSON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

MEMORANDUM**

Hector Laconico Gomez and derivatively his wife and two children, natives and citizens of the Philippines, petition for review of a final order of deportation issued by the Board of Immigration Appeals ("BIA") dismissing Gomez' appeal from the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of deportation under the Immigration and Nationality Act §§ 208(a) and 243(h), 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a), as amended by IIRIRA § 309(c), see Avetova–Elisseva v. INS, 213 F.3d 1192, 1195 n. 4 (9th Cir.2000),[1] and we deny the petition for review.

We review final orders of removal from the BIA under the substantial evidence standard. Prasad v. INS, 47 F.3d 336, 338–39 (9th Cir.1995). Reversal of the BIA is appropriate only if the record evidence is so "compelling that no reasonable fact finder could fail to find the requisite persecution or fear of persecution." INS v. Elias–Zacarias, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). If the record contains substantial evidence supporting the denial of asylum and withholding of deportation, we must affirm. Id.

Gomez contends that the evidence compels the conclusion that he suffered past persecution "on account of" his anti-communist political opinion. We disagree. Substantial evidence supports the IJ's and the BIA's conclusions that the threats made against Gomez were no more than attempts at financial extortion made on account of Gomez' perceived ability to pay.

The record evidence does not compel the conclusion that Gomez' putative prosecutors knew that he was anti-communist or imputed anti-communist beliefs to him and persecuted him on account of that political opinion. Cf. Borja v. INS, 175 F.3d 732, 736 (9th Cir.1999) (holding that petitioner was persecuted on account of her political opinion where NPA members threatened her after she "articulated her political opposition to the NPA as the reason for her refusal to join").

Because Gomez failed to establish statutory eligibility for asylum, he necessarily failed to meet the more onerous standard for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Because the INS initiated deportation proceedings against Gomez prior to April 1, 1997, and Gomez's final order of removal was issued on or after October 31, 1996, IIRIRA transitional rules apply to this case. See Avetova–Elisseva, 213 F.3d at 1195 n. 4.